Patrick J. Geile
Foley Freeman PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
NORTHERN DIVISION

| | |
|---|---|
| COLE MCCANNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| KEMPER & ASSOCIATES, LLC; SAADAT HUSSAIN; and CHARLENE MILLER, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, COLE MCCANNA ("Plaintiff"), through his attorneys, Foley Freeman, PLLC, alleges the following against Defendant, KEMPER & ASSOCIATES, LLC; SAADAT HUSSAIN; and CHARLENE MILLER (hereinafter "Kemper & Associates", "Hussain", and "Miller" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Idaho Consumer Protection Act, Idaho Code § 48-601 ("ICPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Post Falls, Kootenai County, State of Idaho.

8. Plaintiff is a consumer as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA.

11. Plaintiff is a person as that term is defined by the ICPA.

12. Each Defendant is person as that term is defined by the ICPA.

13. Defendants are engaged in trade and commerce in Idaho as those terms are defined by the ICPA.

14. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

15. Kemper & Associates is a Delaware limited liability company and national debt collection agency headquartered in the City of Roswell, Fulton County, State of Georgia.

16. Hussain is a natural person residing in the State of Georgia.

17. Miller is a natural person residing in the State of Georgia.

18. Hussain is an owner of Kemper & Associates.

19. Hussain is a managing member of Kemper & Associates.

20. At all relevant times, acting alone or in concert with others, Hussain has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Kemper & Associates, and its employees, including the acts and practices set forth in this Complaint.

21. Miller is an owner of Kemper & Associates.

22. Miller is a managing member of Kemper & Associates.

23. At all relevant times, acting alone or in concert with others, Miller has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Kemper & Associates, and its employees, including the acts and practices set forth in this Complaint.

24. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

25. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA.  See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v.*

*Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

26. Defendants are engaged in the collection of debt within the State of Idaho.

27. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

28. When an unpaid, outstanding account is placed with Defendants, it is assigned a file number.

29. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

30. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

31. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone.

32. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTS**

33. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly originating

from an unpaid CashNet USA account.

34. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

35. In or around June 2022, Kemper & Associates began calling Plaintiff in an attempt to collect the alleged debt.

36. Kemper & Associates calls Plaintiff on his cellular telephone at 509-389-9359 in an attempt to collect the alleged debt.

37. Kemper & Associates calls Plaintiff from at least 770-954-8852, which is one of Kemper & Associates' telephone numbers.

38. Plaintiff has answered at least one of Kemper & Associates' collection calls.

39. During the above-referenced collection call:

  a. Kemper & Associates' collector attempted to collect the alleged debt from Plaintiff; and

  b. Kemper & Associates' collector threatened Plaintiff that Kemper & Associates would start garnishing Plaintiff's wages if he did not immediately pay the alleged debt.

40. In connection with the above-referenced collection calls, Kemper & Associates also leaves voicemail messages for Plaintiff.

41. With regard to the above-referenced voicemail messages:

  a. Kemper & Associates' collector, who identified herself as Rose Joseph, failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose;

  b. Kemper & Associates' collector made vague and veiled threats by stating that she

        was "calling in regards to an urgent and time-sensitive legal matter that's pending in my office"; and

    c. Kemper & Associates' collector left 770-954-8852 as her callback number—which is one of Kemper & Associates' telephone numbers.

42. Kemper & Associates is unable to garnish Plaintiff's wages without first suing Plaintiff and securing a judgment.

43. To date, Plaintiff has not paid the alleged debt.

44. To date, Kemper & Associates has not sued Plaintiff.

45. Kemper & Associates has never intended to sue Plaintiff.

46. Kemper & Associates' statements and actions were calculated to coerce Plaintiff into payment of the alleged debt.

47. The natural consequences of Kemper & Associates' statements and actions was to produce an unpleasant and/or hostile situation between Kemper & Associates and Plaintiff.

48. The natural consequences of Kemper & Associates' actions was to cause Plaintiff mental distress.

49. The natural consequences of Kemper & Associates' actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

50. Kemper & Associates' actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff repeats and realleges paragraphs 1-50 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

52. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Kemper & Associates employed unlawful debt collection tactics to coerce Plaintiff into payment of the alleged debt;

    b. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Kemper & Associates engaged in, at least, the following discrete violations of § 1692e;

    c. Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character and legal status of any debt when Kemper & Associates made veiled, vague, and empty threats of legal action;

    d. Defendants violated § 1692e(4) of the FDCPA by their representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Kemper & Associates made empty threats of legal action against Plaintiff, including garnishment of Plaintiff's wages;

    e. Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Kemper & Associates made threats of legal action which it cannot legally take or did not intend to take with veiled, vague, and empty threats of legal action;

    f. Defendants violated § 1692e(10) of the FDCPA by using any false representation

or deceptive means to collect or attempt to collect any debt when Kemper & Associates engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g. Defendants further violated § 1692e(10) of the FDCPA when Kemper & Associates created the false impression on Plaintiff that Kemper & Associates was permitted by law to continue to engage in unlawful collection tactics with impunity;

h. Defendants violated § 1692e(11) of the FDCPA when Kemper & Associates left Plaintiff voicemail messages that did not state that the communications were an attempt to collect a debt;

i. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Kemper & Associates engaged in all of the misconduct alleged herein; and

j. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Kemper & Associates demand immediate payment from Plaintiff with threats of legal action against Plaintiff is he did not pay the alleged debt.

WHEREFORE, Plaintiff, COLE MCCANNA, respectfully requests judgment be entered, both jointly and severally, against Defendants, KEMPER & ASSOCIATES, LLC, SAADAT HUSSAIN, and CHARLENE MILLER, for the following:

53. Actual damages, to be determined at trial;

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

56. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED
## IDAHO CONSUMER PROTECTION ACT

57. Plaintiff repeats and realleges paragraphs 51-52 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

58. "[T]he collection of a debt arising out of a sale of goods or services is subject to the provisions of the [ICPA.]" *In re W. Acceptance Corp., Inc.*, 788 P.2d 214, 216 (1990).

59. Defendant violated the ICPA when it engaged in the foregoing misconduct.

60. Plaintiff suffered actual damages as a result of Defendants' employment of unlawful methods, acts, or practices in connection with their attempts to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff, COLE MCCANNA, respectfully requests judgment be entered, both jointly and severally, against Defendants, KEMPER & ASSOCIATES, LLC, SAADAT HUSSAIN, and CHARLENE MILLER, for the following:

61. Actual damages, to be determined at trial;

62. Statutory damages of $1,000.00 pursuant to the Idaho Consumer Protection Act, Idaho Code § 48-608(1);

63. Costs and reasonable attorneys' fees pursuant to the Idaho Consumer Protection Act, Idaho Code § 48-608(5); and

64. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
F<small>OLEY</small> F<small>REEMAN</small> PLLC

May 1, 2023                By: /s/ Patrick J. Geile
                                Patrick J. Geile
                                953 S. Industry Way
                                P.O. Box 10
                                Meridian, Idaho 83680
                                Tel: 208-888-9111
                                Fax: 208-888-5130
                                pgeile@foleyfreeman.com
                                Idaho State Bar No. 6975